a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER HASTY #6371,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-03685<br>SEC P |
| VERSUS | JUDGE DRELL |
| CATAHOULA CORRECTIONAL<br>CENTER ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 1) filed by *pro se* Plaintiff Christopher Hasty ("Hasty"). Hasty is an inmate in the custody of the Louisiana Department of Corrections incarcerated at the Madison Parish Correctional Center in Tallulah, Louisiana. Hasty claims that his constitutional rights were violated at the Catahoula Correctional Center ("CCC") when he was attacked by another inmate.

Because additional information is necessary to support Hasty's claim, he must AMEND his Complaint.

I. Background

Hasty alleges that an inmate stabbed him in the foot in a dormitory at CCC. ECF No. 1 at 3. After the attack, Lt. Will moved Hasty out of the dorm and into a cell near the nurses' station. *Id.* Three days later, the attacker was moved into the same cell as Hasty, and "the altercation started again." *Id.*

1

## II. Law and Analysis

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule 8 pleading standard does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Hasty names Lt. Will as the Defendant. The only allegation against Lt. Will is that he moved Hasty away from the aggressor after the attack. Hasty does not say who subsequently brought the attacker into his cell. Hasty must amend and clarify whether he claims Lt. Will moved the aggressor into Hasty's cell. If it was not Lt. Will, Hasty must amend and state the name of that individual and whether that person was aware of the prior stabbing.

Hasty alleges that the "altercation started again" after the aggressor was moved into his cell. *Id.* Hasty does not provide any details of the second altercation. Hasty must amend his Complaint to state what happened after the "altercation started again." Hasty must state whether he suffered any physical injury from the second altercation. If so, he should describe what injury he suffered.

### III. Conclusion

Because Hasty must provide additional information to support his claim, IT IS ORDERED that Hasty AMEND his Complaint as instructed within 30 days of the filing of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

SIGNED on Friday, January 21, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE