a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER HASTY #6371,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-03685<br>SEC P |
| VERSUS | JUDGE DRELL |
| CATAHOULA CORRECTIONAL<br>CENTER ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 1) filed by pro se Plaintiff Christopher Hasty ("Hasty"). Hasty is an inmate in the custody of the Louisiana Department of Corrections incarcerated at the Madison Parish Correctional Center in Tallulah, Louisiana. Hasty claims that his constitutional rights were violated at the Catahoula Correctional Center ("CCC") when he was attacked by another inmate.

Because Hasty has failed to comply with the Court's Order to Amend his Complaint and failed to keep the Court apprised of his current address, his Complaint should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

Hasty alleges that he was attacked by another inmate when he was housed in a dormitory at CCC. ECF No. 1 at 3. Hasty was ordered to amend his Complaint to provide additional facts in support of his claim. ECF No. 8.

## II. Law and Analysis

A district court may dismiss an action for the plaintiff's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Hasty was ordered to amend his Complaint by February 24, 2022. ECF No. 8. To date, Hasty has failed to comply with the Court's Order or request an extension of time within which to do so.

Additionally, Notices mailed to Hasty by the Clerk have been returned as undeliverable. ECF Nos. 10, 11. Pursuant to Local Rule 41.3:

> The failure of an attorney or pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

More than 30 days have passed since the documents were returned to the Court, and no correction has been made to Hasty's address.

## III. Conclusion

Because Hasty must has failed to comply with the Court's Order and failed to keep the Court apprised of his address change, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

2

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, March 24, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE